

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00445-CR

---

EX PARTE JAVIER ORDONEZ

---

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 3754W2, Honorable Ron Enns, Presiding

---

April 30, 2019

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Javier Ordonez, appeals the trial court's denial of his application for writ of habeas corpus filed under article 11.072 of the Texas Code of Criminal Procedure. Now pending before this Court is appellant's motion to remand the cause to the trial court to enter findings of fact and conclusions of law. We grant appellant's motion and remand the cause to the trial court.

In 2005, appellant pled guilty to possession of a controlled substance. He was granted deferred adjudication community supervision for three years and was later discharged. In September 2018, appellant filed an application for writ of habeas corpus seeking to withdraw his guilty plea and vacate the deferred-adjudication judgment. After

a hearing, the trial court signed an order adopting the State's answer as its own judgment and denying the application for writ of habeas corpus. The order did not include the trial court's findings of fact or conclusions of law. This appeal followed.

Under article 11.072, the trial court must enter a written order granting or denying the relief sought in an application for writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(a) (West 2015). If the trial court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the trial court shall enter a written order denying the application as frivolous. *Id.* at art. 11.072, § 7(a). In all other cases, the order must include findings of fact and conclusions of law. *Id.* When the trial court fails to include the findings and conclusions in its order, it is necessary to remand the case so that the procedures specified by the Code of Criminal Procedure may be followed. *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 91-92 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Because the trial court did not deny appellant's application for writ of habeas corpus as frivolous, it was required to include findings of fact and conclusions of law in its order. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a); *Salazar v. State*, No. 11-11-00029-CR, 2011 Tex. App. LEXIS 1704, at *2 (Tex. App.—Eastland Mar. 10, 2011, order) (per curiam) (not designated for publication). As the trial court failed to do so, we grant appellant's motion, abate the appeal, and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall enter an amended order that includes findings of fact and conclusions of law in accordance with article 11.072, section 7(a), of the Texas Code of Criminal Procedure. A supplemental clerk's record containing the amended order shall be filed with the clerk of this Court on or before May 30, 2019.

It is so ordered.

Per Curiam

Do not publish.